**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| LORENZO LADINER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00020-PLC |
| ALVIN LOWERY, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Lorenzo Ladiner for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $16.56. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. (Docket No. 4). The account statement shows an average monthly deposit of $82.79. The Court will therefore assess an initial partial filing fee of $16.56, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Moberly Correctional Center in Moberly, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names Alvin Lowery, Jeff Lutz, Dean Minor, Anne Precythe, and "The Municipality of Randolph County in Moberly[,] Missouri" as defendants. Lowery, Lutz, Minor, and Precythe are sued in their individual capacities only. (Docket No. 1 at 2-4). The substance of the complaint concerns defendants' alleged failure to protect plaintiff from an assault by other inmates.

In the "Statement of Claim," plaintiff asserts that he has always "been a segregated prisoner due to the nature of [his] criminal offense and close proximity of venue." (Docket No. 1 at 4). He alleges, however, that CCMII Lowery insisted he be released from general population. After being released to general population, plaintiff asserts that he was "attacked in a cell and assaulted by 15 prisoners." (Docket No. 1 at 4, 7). To support his claim, plaintiff states that there are a number of witnesses "who each, in turn, remarked 'what are you doing out here' or 'who sent you out here,' subsequently affirming that a reasonable employee would not make this same error." (Docket No.

3

1 at 7). The Court notes that plaintiff's claims about being "attacked" and "assaulted" are broad, conclusory, and provide no factual indication as to the nature of this alleged incident. Moreover, in the attached informal resolution request, plaintiff does not state that he was assaulted. Rather, he asserts that he was "confronted" by fifteen people. Nowhere in the complaint does he assert any physical injury.

Nonetheless, plaintiff accuses CCMII Lowery of acting "with deliberate indifference and negligence of the explicit documentation throughout [his] institutional file." (Docket No. 1 at 5). Likewise, he claims that CCMII Lutz acted "with deliberate indifference and negligence of the explicit documentation throughout [his] institutional file in [coercion] with the 'good ole boys' of Moberly, resulting in plaintiff being assaulted by 15 prisoners all at once in broad daylight, on camera." Plaintiff alleges that Warden Minor acted with "negligence and deliberate indifference" by not knowing that his "institutional record" made him unsafe in general population, and that Warden Minor failed to keep him safe from harm. With regard to Director Precythe, plaintiff states that Precythe is "condoning this environment of neglect and deliberate indifference," and that plaintiff has been exposed to an "unreasonable risk of serious harm from: asbestos, black mold, rust on furnishings, roach infestation, rat infestation, flies and birds in food service, poor air quality, poor heat/cooling, etc." (Docket No. 1 at 5-6). Finally, plaintiff alleges that Randolph County "has an unofficial custom of ignoring human occupation of condemned housing in their jurisdiction." (Docket No. 1 at 6).

Attached to the complaint are a number of exhibits, including a classification hearing form, an informal resolution request, a warden's response letter, an offender grievance, an offender grievance appeal, and a grievance appeal response. These exhibits will be treated as part of the

pleadings.[1] Plaintiff's exhibits provide a better chronology than the sparse facts contained in the "Statement of Claim." According to documentation from prison officials, it was determined in October 2018 that plaintiff could be released from protective custody because he "no longer had enemies assigned to Moberly Correctional Center and [there was] no further information to indicate any future problems." (Docket No. 1-3 at 2). On December 12, 2018, plaintiff requested protective custody again. (Docket No. 1-3 at 5). This stemmed from an incident on December 11, 2018, when plaintiff states that he was "confronted" by fifteen family members of his co-defendant's victim, and that his life was put in danger. (Docket No. 1-3 at 3-4). Following plaintiff's request, he was approved for protective custody and placed on the waiting list. (Docket No. 1-3 at 5). On March 14, 2019, he was placed back into the protective custody unit. (Docket No. 1-3 at 1, 5).

Notwithstanding his placement back into protective custody, plaintiff states that he has received "insults from segregation windows, ogling through Food Service windows, and frequent glares on visit[s]." (Docket No. 1 at 8). He seeks monetary compensation to include "the cost of care and maintenance of [himself] and every prisoner who has participated in these events; the salary of each defendant; and the revenue this municipality collects – from the initial breach of duty through resolution of this action." (Docket No. 1 at 9).

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983 against defendants CCMII Lowery, CCMII Lutz, Warden Minor, Director Precythe, and Randolph County. The bulk of his complaint comprises a failure to protect claim. However, he also alleges

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

inadequate conditions of confinement. For the reasons discussed below, this case must be dismissed for failure to state a claim.

### A. Claim Against Randolph County

Plaintiff accuses Randolph County of having "an unofficial custom of ignoring human occupation of condemned housing in their jurisdiction." A local governing body such as Randolph County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove Randolph County's liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the

6

existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has not established Randolph County's liability for the alleged violation of his constitutional rights. First, plaintiff has not demonstrated the existence of an unconstitutional policy. In particular, he points to no "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Randolph County's] governing body." Indeed, plaintiff's allegations reference incidents within Moberly Correctional Center, a state correctional institution, and do not appear to implicate Randolph County whatsoever.

With regard to an unconstitutional custom, plaintiff asserts that Randolph County "has an unofficial custom of ignoring human occupation of condemned housing in their jurisdiction." Plaintiff, however, has not alleged facts showing a "widespread, persistent pattern of unconstitutional misconduct," much less that Randolph County policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. Rather, he appears to suggest that Randolph County is responsible for the conditions of Moberly Correctional Center, a state facility within its jurisdiction. This suggestion is not supported by any facts in the complaint.

Finally, plaintiff has not attempted to show that his constitutional rights were violated due to a failure on the part of Randolph County to train or supervise its employees. As noted above, plaintiff's complaint references conditions inside Moberly Correctional Center, and makes no mention of Randolph County or its employees, save to the extent that Moberly Correctional Center is located within Randolph County.

For the reasons discussed above, plaintiff has not adequately alleged that Randolph County is liable for violating plaintiff's constitutional rights. Therefore, this claim must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Claim Against Director Precythe

Plaintiff asserts that Missouri Department of Corrections Director Precythe has condoned an "environment of neglect and deliberate indifference" by allowing prisoners to be exposed to an "unreasonable risk of serious harm" from dangers such as asbestos, mold, and rust. There is no vicarious liability under 42 U.S.C. § 1983. *Marsh*, 902 F.3d at 754. Rather, liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff appears to contend that Director Precythe is liable based solely on her supervisory position. However, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). With regard to personal involvement, plaintiff has not demonstrated a link between any action or inaction on the part of Director Precythe, and the deprivation of one of plaintiff's constitutional rights. Indeed, plaintiff has failed to show any constitutional violation at all. That is, his broad allegations concerning a risk of harm from his conditions of confinement do not demonstrate that he has been deprived of the "minimal civilized measure of life's necessities," or that he has even suffered an injury. *See Revels v. Vincenz*, 382

9

F.3d 870, 875 (8th Cir. 2004) (explaining that to allege an Eighth Amendment violation, a prisoner must prove that the defendant's conduct rose to the level of a constitutional violation, "by depriving the plaintiff of the minimal civilized measure of life's necessities"); and *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (explaining that a "prisoner must allege a personal loss"). Therefore, plaintiff's claim against Director Precythe must be dismissed.

### C. Claims Against CCMII Lowery, CCMII Lutz, and Warden Minor

Plaintiff alleges that CCMII Lowery, CCMII Lutz, and Warden Minor failed to protect him when he was removed from protective custody and placed back in general population. Being subjected to assault is not part of the penalty that criminal offenders must pay for their offenses. *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007). As such, prison inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). Prison officials must take reasonable measures to guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004). However, not every injury suffered by one prisoner at the hands of another prisoner translates into constitutional liability. *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010). "Rather, prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018).

To prove an Eighth Amendment violation, an inmate must fulfill two requirements, one objective and one subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In other words, a plaintiff must establish that he has been subjected to "a substantial and pervasive risk of harm." *Berry*, 365 F.3d at 634. The

second requirement is a subjective inquiry, and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

In this case, plaintiff has not alleged sufficient facts to demonstrate the existence of either requirement for a failure to protect claim. First, he has not shown a substantial risk of serious harm. All that is alleged is that plaintiff had been a "segregated prisoner" in the past "due to the nature of [his] criminal offense and close proximity of venue." No details are given as to what he means by "nature of the criminal offense," and why this required him to remain in protective custody. Furthermore, plaintiff does not allege that he was threatened by the inmates before his alleged assault, thereby putting prison officials on notice.[2] He also does not indicate whether the assaulting inmates were known to be violent or volatile. Finally, plaintiff does not state whether he and the assaulting inmates had previously argued or fought. To the contrary, according to responses received from plaintiff's informal resolution request and grievance, plaintiff had no un-waived enemies in general population at Moberly Correctional Center at the time he was released from protective custody.

Prisons are inherently dangerous environments, and not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials

---

[2] As noted above, plaintiff alleges in his "Statement of Claim" that he was "attacked" and "assaulted" by fifteen inmates. However, in the attached informal resolution request, plaintiff asserts that he was "confronted" by fifteen inmates. In neither event does he allege any physical injuries.

11

responsible for the victim's safety. *Vandevender v. Sass*, 2020 WL 4374977, at *2 (8th Cir. 2020). If a plaintiff fails to allege a substantial risk of serious harm, then he has failed to state a claim, and there is no need to consider the issue of the defendant's deliberate indifference. *Id*. *See also Berry*, 365 F.3d at 635. Here, plaintiff has failed to present facts establishing a substantial and pervasive risk of serious harm. Therefore, he has not stated a failure to protect claim against CCMII Lowery, CCMII Lutz, and Warden Minor.

Even if the Court were to assume that plaintiff had shown a substantial risk of harm, he has not adequately alleged that CCMII Lowery, CCMII Lutz, and Warden Minor were deliberately indifferent to his safety. Plaintiff's accusations against these three defendants all state, in a conclusory manner, that they acted with "deliberate indifference and negligence" with regard to the "explicit documentation" of plaintiff's "institutional file." To the extent that plaintiff accuses these defendants of negligence, the Court notes that negligence is insufficient to establish deliberate indifference. *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998). Rather, for a defendant to have acted with deliberate indifference, "he must have recklessly disregarded a known, excessive risk of serious harm to" a plaintiff's safety. *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003). That is, a plaintiff must demonstrate that the defendant "actually intended to deprive him of some right," or that the defendant "acted with reckless disregard of his right to be free from violent attacks by fellow inmates." *Miller v. Solem*, 728 F.2d 1020, 1024 (8th Cir. 1984). Plaintiff has not demonstrated this on the vague facts that he has alleged. In particular, nothing in the complaint provides any indication as to what in plaintiff's file should have required CCMII Lowery, CCMII Lutz, and Warden Minor to keep him in protective custody. Therefore, even assuming that plaintiff has stated a substantial risk of serious harm, he has failed to show that CCMII Lowery, CCMII Lutz, and Warden Minor acted with deliberate indifference. As such, for

this reason as well, plaintiff's failure to protect claims against defendants Lowery, Lutz, and Minor must be dismissed.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). The motion will be denied as moot as this case is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### E. Preservice Dismissal

Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Here, as discussed above, plaintiff has failed to state a municipal liability claim against Randolph County, because he has not presented facts supporting the proposition that Randolph County has an unconstitutional policy, an unconstitutional custom, or has been deliberately indifferent in training or supervising its employees. With regard to Director Precythe, plaintiff has failed to allege facts showing that Precythe is personally responsible for violating one of his constitutional rights. Finally, plaintiff has failed to state a failure to protect claim against CCMII Lowery, CCMII Lutz, and Warden Minor because his facts do not establish that he faced a substantial risk of serious harm, or that these defendants were deliberately indifferent towards that risk. As such, this action must be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $16.56 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable

to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of September 2020.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE